Slip Op. 18-90

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| VICENTIN S.A.I.C. ET AL.,<br><br>    Plaintiffs and Consolidated Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>    Defendant.<br><br>and<br><br>NATIONAL BIODIESEL BOARD FAIR TRADE COALITION,<br><br>    Defendant-Intervenor and<br>    Consolidated Defendant-Intervenor. | Before: Claire R. Kelly, Judge<br><br>Consol. Court No. 18-00009 |

## MEMORANDUM AND ORDER

[Denying a motion to consolidate an action challenging various aspects of the U.S. Department of Commerce's countervailing duty determination involving biodiesel from the Republic of Argentina with two court actions challenging various aspects of the U.S. Department of Commerce's antidumping determination involving biodiesel from Argentina.]

Dated: July 17, 2018

Gregory James Spak, Kristina Zissis, and Jessica Erin Lynd, White & Case, LLP, of Washington, DC, for consolidated plaintiff LDC Argentina S.A.

Daniel Lewis Porter, James Philip Durling, and Valerie S. Ellis, Curtis Mallet-Prevost, Colt & Mosle LLP, of Washington, DC, for plaintiffs Vicentin S.A.I.C. and the Government of Argentina.

Joshua Ethan Kurland, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant. With him on the brief were L. Misha Preheim, Assistant Director, Jeanne E. Davidson, Director, and Chad A. Readler, Acting Assistant Attorney General. Of Counsel on the brief were Catherine Dong Soon

Miller and Zachary Scott Simmons, Attorneys, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

Myles Samuel Getlan, Jack Alan Levy, Thomas Martin Beline, Nina Ritu Tandon, Cassidy Levy Kent (USA) LLP, of Washington, DC, for defendant-intervenor and consolidated defendant-intervenor, National Biodiesel Board Fair Trade Coalition.

Kelly, Judge: Before the court is a motion to consolidate Vicentin S.A.I.C. v. United States, Court No. 18-00111 (USCIT filed May 15, 2018) ("Court No. 18-00111") and LDC Argentina S.A. v. United States, Court No. 18-00119 (USCIT filed May 21, 2018) ("Court No. 18-00119"), with this action, Vicentin S.A.I.C. & Gov't of Argentina v. United States, Consol. Court No. 18-00009 (USCIT filed Feb. 2, 2018) ("Consol. Court No. 18-00009") filed by Vicentin S.A.I.C., LDC Argentina S.A., and the Government of Argentina (collectively "Consolidated Plaintiffs").[1] See Pls.' Mot. Consol. Cases, June 4, 2018, ECF No. 29 ("Consol. Pls.' Br."). The United States, ("Defendant"), and National Biodiesel Board Fair Trade Coalition ("NBB Fair Trade Coalition" or "Defendant-Intervenor") oppose the motion.[2] See Def.'s Opp'n Pls.' Mot. Consol., June 25, 2018, ECF No. 30 ("Def.'s

---

[1] The motion to consolidate states that it was also filed on behalf of Oleaginosa Moreno Hermanos S.A. and Molinos Agro S.A., plaintiffs in Court No. 18-00111. Consol. Pls.' Br. at 1. However, Oleaginosa Moreno Hermanos S.A. and Molinos Agro S.A. are not parties in Consol. Court No. 18-00009.

[2] The Defendant and the Defendant-Intervenor specifically state that they have no objection to the consolidation of Court No. 18-00111 and Court No. 18-00119 with each other, as both actions challenge the results of the same final determination issued by the U.S. Department of Commerce in the antidumping investigation of biodiesel from Argentina. See Def.'s Resp. Br. at 3; Def.-Intervenor's Resp. Br. at 4 n.1; see also Compl. at ¶¶ 1–2, 13–28, May 16, 2018, ECF No. 7, Court No. 18-00111; Compl. at ¶¶ 1–2, 12–25, May 21, 2018, ECF No. 3, Court No. 18-00119; see generally Biodiesel From Argentina, 83 Fed. Reg. 8,837 (Dep't Commerce Mar. 1, 2018) (final determination of sales at less than fair value and final affirmative determination of critical circumstances, in part). However, a motion to consolidate Court Nos. 18-00111 and 18-00119 is not before the court.

Consol. Court No. 18-00009                                                                                                  Page 3

Resp. Br."); Def.-Intervenor's Opp'n Pls.' Mot. Consol. Cases, June 25, 2018, ECF No. 31 ("Def.-Intervenor's Resp. Br.").

## BACKGROUND

On November 16, 2017, the U.S. Department of Commerce ("Department" or "Commerce") issued its final countervailing duty ("CVD") determination in biodiesel from the Republic of Argentina. See Biodiesel From the Republic of Argentina, 82 Fed. Reg. 53,477 (Dep't Commerce Nov. 16, 2017) (final affirmative [CVD] determination) ("Biodiesel CVD Final Determination") and accompanying Issues & Decision Memorandum for the Final Determination in the [CVD] Investigation of Biodiesel from the Republic of Argentina, C-357-821, (Nov. 6, 2017), ECF No. 22 ("Biodiesel CVD Final Decision Memo"). On March 1, 2018, Commerce issued the final antidumping duty ("ADD") determination in biodiesel from Argentina. See Biodiesel From Argentina, 83 Fed. Reg. 8,837 (Dep't Commerce Mar. 1, 2018) (final determination of sales at less than fair value and final affirmative determination of critical circumstances, in part) ("Biodiesel ADD Final Determination") and accompanying Issues & Decision Memorandum for the Final Affirmative Determination in the [ADD] Investigation of Biodiesel from Argentina, A-357-820, (Feb. 20, 2018), ECF No. 29-2 ("Biodiesel ADD Final Decision Memo").

On February 2, 2018, Vicentin S.A.I.C. and the Government of Argentina commenced an action challenging Commerce's determination in Biodiesel CVD Final Determination, and filed the corresponding complaint on March 2, 2018. See Summons, Feb. 2, 2018, ECF No. 1; Compl., Mar. 2, 2018, ECF No. 11; see also Biodiesel CVD Final Determination. On April 2, 2018, the court granted NBB Fair Trade Coalition's

Consol. Court No. 18-00009                                                                                            Page 4

motion to intervene as defendant-intervenor.  See Order, Apr. 2, 2018, ECF No. 19.  On April 4, 2018, the court consolidated Vicentin S.A.I.C. and the Government of Argentina's action with LDC Argentina S.A. v. United States, Court No. 18-00015 (USCIT filed Feb. 2, 2018) ("Court No. 18-00015"), also challenging various aspects of the Biodiesel CVD Final Determination.  See Order [Granting Req. to Consol. Court No. 18-00015 under Court No. 18-00009], Apr. 4, 2018, ECF No. 21; see also Compl. at ¶¶ 1–2, 11–19, Mar. 4, 2018, ECF No. 7, Court No. 18-00015.  On June 4, 2018, Consolidated Plaintiffs sought to further consolidate Consol. Court No. 18-00009 with two later filed court actions, Court Nos. 18-00111 and 18-00119, both challenging various aspects of Biodiesel ADD Final Determination.  See Consol. Pls.' Br.; see also Compl. at ¶¶ 1–2, 13–28, May 16, 2018, ECF No. 7, Court No. 18-00111; Compl. at ¶¶ 1–2, 12–25, May 21, 2018, ECF No. 3, Court No. 18-00119; see generally Biodiesel ADD Final Determination.

**JURISDICTION AND STANDARD OF REVIEW**

The court has jurisdiction pursuant to 28 U.S.C. § 1581(c) (2012).

Pursuant to Rule 42(a) of the Rules of the United States Court of International Trade ("USCIT"), the court may consolidate actions before the court that "involve a common question of law or fact[.]"  USCIT R. 42(a).  The decision to consolidate is within the court's "broad discretion[.]"  See Zenith Elecs. Corp. v. United States, 15 CIT 539, 540 (1991) (quoting Manuli, USA, Inc. v. United States, 11 CIT 272, 277, 659 F. Supp. 244, 247 (1987)).

**DISCUSSION**

Consolidated Plaintiffs argue for further consolidation of Consol. Court No. 18-00009 with Court Nos. 18-00111 and 18-00119 because "these actions involve at least one common question of law related to the issue of double remedies . . . [and] the same Argentine Government policy." Consol. Pls.' Br. at 2. Thus, Consolidated Plaintiffs argue that further consolidation will promote judicial economy. See id. at 6–7. Defendant and the Defendant-Intervenor argue that there are no common questions of law or fact, the actions involve different administrative records, there is no complete identity of parties amongst all the cases for which consolidation is sought, and consolidating the cases would cause unnecessary burden and delay. See Def.'s Resp. Br. at 3–10; Def.-Intervenor's Resp. Br. at 5–11.

USCIT Rule 42(a) permits the court to consolidate actions if those actions involve a common question of law or fact. See USCIT R. 42(a). Consolidation may be appropriate when it promotes judicial economy or avoids inconsistent results. See Manuli, 11 CIT at 278, 659 F. Supp. at 248 (finding no benefit to consolidation given the distinct scope and standard of review in the cases); Brother Indus., Ltd. v. United States, 1 CIT 102, 103–04 (1980) (consolidating cases involving common questions of law and fact and a common administrative record). Where consolidation would not result in judicial economy or where dissimilar issues outweigh the common issues, consolidation is inappropriate. See Zenith, 15 CIT at 540–41.

Here, there are no likely benefits to consolidation. The challenges to the Biodiesel CVD Final Determination and the Biodiesel ADD Final Determination do not share any

common questions of law.³ The claim of double remedies was only raised before Commerce by the respondents in the ADD investigation, see Biodiesel ADD Final Determination at 14–28, and was not raised before the agency nor as a claim in this court in Consol. Court No. 18-00009. Unlike RHI Refractories Liaoning Co. v. United States, 35 CIT __, 774 F. Supp. 2d 1280 (2011) and GPX Int'l Tire Corp. v. United States, 33 CIT 1368, 645 F. Supp. 2d 1231 (2009), upon which Consolidated Plaintiffs rely, see Consol. Pls.' Br. at 3–7, here, there are no common questions of law. Accordingly, there is no danger of inconsistent decisions.⁴ Further, the court must review each challenge on its own record, see 19 U.S.C. § 1516a(b)(1)(B), and therefore it is unclear why the single consideration of some common facts between the CVD and ADD final determinations would promote judicial efficiency. Finally, it is unclear what harm will result from allowing the challenges to the Biodiesel ADD Final Determination, i.e., Court Nos. 18-00111 and

---

³ The Consolidated Plaintiffs explain that the double remedies problem here is that the final CVD determination addresses the Argentine policy of taxing soybean exports, i.e., finding that the export tax was a countervailable subsidy. See Consol. Pls.' Br. at 2–5; see also Biodiesel CVD Final Decision Memo at 19–22. At the same time, the final ADD determination addresses the Argentine policy of taxing soybean exports as well, i.e., finding that the export tax created a market condition warranting adjustment under section 773(e) of the Tariff Act of 1930, as amended 19 U.S.C. § 1677b(e)(3) (2015). See Biodiesel ADD Final Decision Memo at 26–28. Pursuant to 19 U.S.C. § 1677b(e)(3) "if a particular market situation exists such that the cost of materials and fabrication or other processing of any kind does not accurately reflect the cost of production in the ordinary course of trade, [Commerce] may use another calculation methodology under this title or any other calculation methodology." 19 U.S.C. § 1677b(e)(3).

⁴ Presumably, the plaintiffs challenging Biodiesel ADD Final Determination will continue challenging the double remedy problem in their briefings before the court, as both raise it as a claim in their complaints. See Compl. at ¶¶ 22–23, May 16, 2018, ECF No. 7, Court No. 18-00111; Compl. at ¶¶ 22–25, May 21, 2018, ECF No. 3, Court No. 18-00119. It is therefore possible that the court hearing Court Nos. 18-00111 and 18-00119 may remand the matter to Commerce based on the double remedy challenge.

18-00119, to proceed independently from the challenges to the Biodiesel CVD Final Determination, i.e., Consol. Court No. 18-00009.

Consolidation would impose significant burdens. The challenged CVD and ADD determinations are based on separate administrative records, both containing business proprietary information, and there is not a complete identity of parties amongst all the cases for which consolidation is sought. As a result, not only is there a danger that the parties may inadvertently conflate portions of the record, constant care would have to be taken to protect business proprietary information. Further, consolidation would likely necessitate a piecemeal briefing schedule involving multiple parties, and still be subject to the normal delays of litigation which would be exacerbated given the number of parties involved.[5]

Although concerns regarding the distinct administrative records and lack of complete identity of parties may not be prohibitive in all cases seeking consolidation, they counsel against consolidation, unless there is a significant benefit and economy to be had from consolidation. The court sees little, if any, possible benefit to consolidation here.

## CONCLUSION

For the reasons discussed, the Consolidated Plaintiffs' motion to further consolidate Consol. Court No. 18-00009 with Court Nos. 18-00111 and 18-00119 is denied. In accordance with this opinion, it is

---

[5] It is not uncommon for each party to a litigation in this Court to ask for multiple extensions of time during the briefing process.

**ORDERED** that the Consolidated Plaintiffs' motion to consolidate is denied; and it is further

**ORDERED** that the parties shall file a joint status report and proposed briefing scheduling that will achieve the purposes of USCIT R. 56.2 on or before Monday, July 30, 2018.

      /s/ Claire R. Kelly
Claire R. Kelly, Judge

Dated: July 17, 2018
     New York, New York